DURIE TANGRI LLP
JOSEPH C. GRATZ (SBN 240676)
jgratz@durietangri.com
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:	415-362-6666
Facsimile:	415-236-6300

Attorney for Plaintiffs
Automattic Inc. and
Oliver Hotham

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTOMATTIC INC. and OLIVER HOTHAM,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>NICK STEINER,<br><br>　　　　　　　　　Defendant. | Case No. _____<br><br>**COMPLAINT FOR VIOLATION OF 17 U.S.C. § 512(F)** |

COMPLAINT

Plaintiffs AUTOMATTIC INC. a Delaware corporation and OLIVER HOTHAM, an individual, by and through their attorneys of record, hereby state as follows:

## I. INTRODUCTION

1. The defendant in this case, a representative of the advocacy group "Straight Pride UK," sent a press statement to Plaintiff Oliver Hotham, a journalist. He later attempted to suppress Hotham's reporting on that press statement through the misuse of copyright law. Hotham had posted the press statement on his blog, which is hosted through the WordPress.com blog hosting service offered by Plaintiff Automattic Inc. ("WordPress.com"). Defendant sent a takedown notice to WordPress.com, falsely claiming that he had not authorized the publication of the material posted by Hotham. Steiner's knowing material misrepresentations caused harm to Hotham and to WordPress.com.

## II. NATURE OF THE ACTION

2. This is an action for violation of 17 U.S.C. § 512(f), which provides for a cause of action against one who knowingly materially misrepresents that material or activity is infringing.

## III. PARTIES

3. Automattic Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at Automattic Inc., 132 Hawthorne St., San Francisco, California 94107. Automattic does business in the Northern District of California.

4. Oliver Hotham is an individual residing in London, UK.

5. On information and belief, Defendant Nick Steiner is an individual residing in the city of London, UK. In his communications with Plaintiff Automatic, Defendant Steiner gave the address of New House, 67-68 Hatton Garden, London, England EC1N 8JY.

## IV. JURISDICTION AND VENUE

6. Plaintiffs' claims arise under the Copyright Act (17 U.S.C. §§ 101 et seq.), and this Court has jurisdiction over those claims pursuant to 28 U.S.C. §§ 1331 and 1338.

7. Defendant has sufficient contacts with this district generally and, in particular, with the events herein alleged, that he is subject to the exercise of jurisdiction of this Court. For example, as discussed elsewhere herein, Defendant purposefully sent the communication that is the subject of this Action to Plaintiff Automattic Inc., which resides in this District.

8. Venue is proper in this district under 28 U.S.C. § 1391.

## V. INTRADISTRICT ASSIGNMENT

9. This is an Intellectual Property Action to be assigned on a district-wide basis pursuant to Civil Local Rule 3-2(c).

## VI. FACTUAL BACKGROUND

### A. Plaintiff Hotham

10. Oliver Hotham is a student journalist and blogger.

11. Hotham has interned at the Sunday Times of London, Politics.co.uk, PoliticsHome, and The South African.

12. Hotham maintains a blog on the WordPress.com publishing platform at http://oliverhotham.wordpress.com.

### B. Plaintiff Automattic Inc. and Its WordPress.com Service

13. Automattic Inc. is a distributed company with a work space in San Francisco, California. Automattic operates WordPress.com, a web publishing platform for blogs and websites that is powered by the open source WordPress software.

14. WordPress.com is the host of Oliver Hotham's blog.

15. WordPress.com is dedicated to protecting its users' ability to express themselves freely through their WordPress.com blogs and websites, within the constraints of the law.

16. There are more than 33 million WordPress.com sites, and the WordPress.com network of sites receives about 14 billion page views each month.

17. WordPress.com is used by news organizations like Time, Inc., CNN, The New York Post and Atlantic Media; leading companies like UPS, the National Football League, and Samsung; and well-known blogs like GigaOm, TechCrunch, All Things D, and PandoDaily.

### C. Defendant Steiner and His Wrongful Conduct

18. On information and belief, Defendant Nick Steiner is the Press Officer for an organization called Straight Pride UK, also known as The Straight Forward Project.

19. Straight Pride UK describes itself as "a small group of heterosexual individuals who joined together after seeing the rights of people who have opposing views to homosexuality trampled over and, quite frankly, oppressed."

20. Straight Pride UK received media coverage in May and June, 2013, including a post on the blog BuzzFeed, available at the URL http://www.buzzfeed.com/skarlan/uk-group-attempts-to-promote-straight-pride.

21. Plaintiff Hotham read the BuzzFeed article and became interested in reporting on Straight Pride UK.

22. On July 26, 2013, Hotham wrote to Straight Pride UK. He identified himself as "a student and freelance journalist based in London." In that context, Hotham inquired "whether I could send you over some questions about your organisation and what your goals are, and maybe find out a bit about who's involved and what you hope to accomplish."

23. On July 29, 2013, a Straight Pride UK staffer identifying himself as "Matt" wrote back saying, "Thanks for the email. Please do email us and we'll send you a response."

24. On July 30, 2013, Hotham sent Straight Pride UK a set of questions.

25. On August 1, 2013, Defendant Steiner wrote to Hotham. His email to Hotham identified Steiner as the "Press Officer" for Straight Pride UK.

26. Attached to Steiner's email was a PDF file. The file name was "Press Statement – Oliver Hotham.pdf." That document (the "Press Statement") is attached hereto as Exhibit A.

27. The Press Statement is on Straight Pride letterhead and bears the heading, "Statement."

28. The Press Statement is signed by the "Straight Pride Press Team," giving the email address "press@straightpride.co.uk."

29. On August 3, 2013, after receiving the Press Statement, Hotham drafted a post for his blog commenting upon the Press Statement. Hotham wrote:

> There has never been a better time to be gay in this country. LGBTI people will soon enjoy full marriage equality, public acceptance of homosexuality is at an all time high, and generally a consensus has developed that it's really not that big of a deal what consenting adults do in the privacy of their bedrooms. The debate on Gay Marriage in the House of Commons was marred by a few old reactionaries, true, but generally it's become accepted that full rights for LGBTI people is inevitable and desirable. Thank God.

3
COMPLAINT

> But some are deeply troubled by this unfaltering march toward common decency, and they call themselves the Straight Pride movement.
>
> Determined to raise awareness of the "heterosexual part of our society", Straight Pride believe that a militant gay lobby has hijacked the debate on sexuality in this country, and encourage their members, among other things, to "come out" as straight, posting on their Facebook page that:
>
> "Coming out as Straight or heterosexual in todays politically correct world is an extremely challenging experience. It is often distressing and evokes emotions of fear, relief, pride and embarrassment."
>
> I asked them some questions.

30. Hotham included in his blog post the questions he had posed to Straight Pride UK, along with the portions of the Press Statement responsive to the questions he posed.

31. On August 3, 2013, Defendant sent an email to both Plaintiffs (the "Takedown Notice"). The Takedown Notice bore the subject line "Digital Millennium Copyright Act - Removal Request."

32. The Takedown Notice was a notice of claimed infringement sent pursuant to 17 U.S.C. § 512(c).

33. The Takedown Notice stated that "User http://oliverhotham.wordpress.com did not have my permission to reproduce this content, on Wordpress.com or twitter account or tweets, no mention of material being published was made in communications" and that "It is of good faith belief that use of the material in the manner complained of here is not authorized by me, the copyright holder, or the law" (the "Misrepresentations").

34. In fact, Hotham had informed Defendant that he was a journalist, and, on information and belief, Defendant drafted and sent the Press Statement with the intent that it be reported upon by Hotham, going so far as to title it, "Press Statement." In other words, the Misrepresentations were false.

35. On information and belief, at the time Defendant sent the Takedown Notice, Defendant knew that the Misrepresentations were false.

36. In reliance on the Misrepresentations, pursuant to the procedure set forth in the DMCA, Automattic acted expeditiously to disable access to the post identified in the notice. But for those misrepresentations, Automattic would not have disabled access to the post identified in the notice.

37. Automattic expended staff time and resources in reviewing the Takedown Notice, disabling access to the posts identified in the Takedown Notice, and notifying Hotham of the Takedown Notice.

38. Automattic also expended staff time and resources in addressing issues that resulted from the Takedown Notice, such as handling requests for comment from the press and pursuing the present Action.

39. For his part, Hotham expended time and resources in corresponding with Automattic about the Takedown Notice and addressing issues that resulted from the Takedown Notice.

40. Hotham also suffered harm in that his reporting on a matter of legitimate and substantial public concern was silenced as a result of the misrepresentations in the Takedown Notice.

**FIRST CAUSE OF ACTION**

**(Misrepresentation under 17 U.S.C. § 512(f))**

41. Plaintiffs incorporate herein by reference the allegations of the preceding paragraphs of this Complaint.

42. The Takedown Notice represented that the Hotham Post infringed copyrights owned by Defendant or other entities on whose behalf Defendant was authorized to act.

43. The Hotham Post does not infringe any copyright owned by Defendant or by any entity on whose behalf Defendant was authorized to act.

44. The Takedown Notice contained misrepresentations that material or activity was infringing.

45. On information and belief, Defendant knew at the time he sent the Takedown Notice that the representations in the Takedown Notice that material or activity was infringing were false.

46. The misrepresentations contained in the Takedown Notice were material to Automattic's decision to remove, or disable access to, the Hotham Post.

47. Plaintiffs suffered damages as the result of Automatic relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing.

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

a. For damages according to proof;

b. For costs and attorneys' fees pursuant to 17 U.S.C. § 512(f), or otherwise as allowed by law; and

c. For such other and further relief as the Court shall find just and proper.

**JURY DEMAND**

Plaintiffs hereby request a jury trial for all issues so triable.

Dated:  November 21, 2013                                    DURIE TANGRI LLP

By: _____
JOSEPH C. GRATZ

Attorney for Plaintiffs
Automattic Inc. and
Oliver Hotham