1  DURIE TANGRI LLP
   JOSEPH C. GRATZ (SBN 240676)
2  jgratz@durietangri.com
   217 Leidesdorff Street
3  San Francisco, CA  94111
   Telephone:     415-362-6666
4  Facsimile:     415-236-6300

5  Attorney for Plaintiffs
   Automattic Inc. and
6  Oliver Hotham

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                            SAN FRANCISCO DIVISION

11 AUTOMATTIC INC. and                  Case No. 3:13-cv-5413-JCS
   OLIVER HOTHAM,
12                                      **DECLARATION OF OLIVER HOTHAM IN
                                        SUPPORT OF PLAINTIFFS' MOTION FOR
13              Plaintiffs,             DEFAULT JUDGMENT AGAINST NICK
                                        STEINER**
14       v.
                                        Date:   June 27, 2014
15 NICK STEINER,                        Time:   10:30 am
                                         Ctrm:  G - 15th Floor
16              Defendant..             Judge:  Honorable Joseph C. Spero

17
18
19
20
21
22
23
24
25
26
27
28

I, Oliver Hotham, declare as follows:

1. I am a student, blogger, and freelance journalist. I make this Declaration from personal knowledge, and if called to testify, I could and would testify competently thereto.

2. I maintain a blog on WordPress.com at http://oliverhotham.wordpress.com.

3. In August 2013, I posted an article on my blog regarding an organization called Straight Pride UK. The URL for the article was http://oliverhotham.wordpress.com/2013/08/03/its-great-when-youre-straight-yeah/. The article included answers to various questions I had asked Straight Pride UK, and which Nick Steiner sent to me in a "Press Statement," identifying himself as the "Press Officer" for Straight Pride UK.

4. On August 6, 2013, I received a message from Automattic informing me that Straight Pride UK sent a takedown notice under the Digital Millennium Copyright Act ("DMCA"), claiming my article infringed its copyright because it had not given me permission to publish the information it sent to me in its Press Statement.

5. Around the same time, Automattic disabled access to the article I posted at http://oliverhotham.wordpress.com/2013/08/03/its-great-when-youre-straight-yeah/.

6. I spent substantial time corresponding with Phil Crumm, an Automattic employee, first to explain that Straight Pride UK had, in fact, given me permission to publish the information in the Press Statement, and then regarding the counter-notice procedure under the DMCA.

7. After Phil Crumm informed me that I would have to agree to go to court if Straight Pride UK decided to press the issue, I investigated my other options. To date, my lawful post remains disabled.

8. I received two more messages from Automattic informing me that Nick Steiner at Straight Pride UK had sent two more takedown notices for my articles.

9. This whole process has been incredibly upsetting and demoralizing. Since I received

1

notice of the takedown request, I have been fearful that other entirely lawful, but critical articles that I write may drag me into legal battles. I frequently think twice before posting certain material despite my full confidence that the law allows me to do so.

10. Although I try not to allow these events to affect my journalism, the fear that I might be censored with no recourse other than expensive litigation, or worse, that I might be pulled into court for doing my job lawfully expressing my views, is now ever present.

11. This situation has affected his decision making process for writing and posting articles since my article was first disabled.

12. This situation has also been substantially harmful to my reputation for journalistic integrity. Copyright infringement is a very serious issue among journalists and the press, and being embroiled in a copyright dispute makes it more difficult to find work.

13. To date, my article remains disabled due to this copyright dispute. I have received numerous inquiries and messages asking why the article was taken down and about the situation surrounding the takedown notice, both by members of the public, and by potential employers.

14. I am still a student and I am still forming my reputation as a journalist. This dispute comes during my formative time as a journalist, and as a result, has had a much more significant impact than it might have if I were already an established journalist.

15. I estimate that my damages from lost time, harmed reputation, and chilled speech amount to $5,000.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is to the best of my knowledge and belief true and correct.

Executed on May 21, 2014, in London, England, United Kingdom.

OLIVER HOTHAM

notice of the takedown request, I have been fearful that other entirely lawful, but critical articles that I write may drag me into legal battles. I frequently think twice before posting certain material despite my full confidence that the law allows me to do so.

10. Although I try not to allow these events to affect my journalism, the fear that I might be censored with no recourse other than expensive litigation, or worse, that I might be pulled into court for doing my job lawfully expressing my views, is now ever present.

11. This situation has affected his decision making process for writing and posting articles since my article was first disabled.

12. This situation has also been substantially harmful to my reputation for journalistic integrity. Copyright infringement is a very serious issue among journalists and the press, and being embroiled in a copyright dispute makes it more difficult to find work.

13. To date, my article remains disabled due to this copyright dispute. I have received numerous inquiries and messages asking why the article was taken down and about the situation surrounding the takedown notice, both by members of the public, and by potential employers.

14. I am still a student and I am still forming my reputation as a journalist. This dispute comes during my formative time as a journalist, and as a result, has had a much more significant impact than it might have if I were already an established journalist.

15. I estimate that my damages from lost time, harmed reputation, and chilled speech amount to $5,000.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is to the best of my knowledge and belief true and correct.

Executed on May 21, 2014, in London, England, United Kingdom.

_____
OLIVER HOTHAM